IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANNALEE MICHAELA KENNEMORE,

    **Plaintiff,**

    v.                                        CASE NO. 24-3174-JWL

STATE OF KANSAS, et. al,

    **Defendants.**

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

Plaintiff Annalee Michaela Kennemore is hereby required to show good cause, in writing, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**1. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. She is incarcerated at the Johnson County Adult Residential Therapeutic Community in New Century, Kansas. Plaintiff has been granted leave to proceed in forma pauperis. (*See* Doc. 9.)

Plaintiff alleges that she received inadequate medical care at the Johnson County Adult Detention Center ("JCADC") in February of 2022. According to the Complaint, Plaintiff was six weeks pregnant upon incarceration. (Complaint, Doc. 1, at 6.) One night, she woke up in severe pain. *Id*. She went to use the bathroom and passed out on her way back to her cell. *Id*. Another inmate pressed the emergency call button. *Id*. Officers arrived and told Plaintiff to lie down on her bunk. *Id*. After about 25 minutes, she had to use the bathroom again and again passed out trying to return to her cell. *Id*. Officers responded and alerted the nurse on duty. *Id*. The nurse

1

arrived and checked Plaintiff's vital signs. *Id*. Plaintiff was put in a wheelchair and taken to Medical. *Id*. She was given something to drink for dehydration but was unable to keep it down. *Id*. About 20 minutes later, after signing a waiver stating that she would be charged with a crime if she was faking her symptoms, Plaintiff was taken by ambulance to the hospital where she underwent emergency surgery. *Id*. at 6-7. The next day she was informed that she had an ectopic pregnancy, almost died from blood loss, and lost the child. *Id*. at 7.

Plaintiff names as defendants the State of Kansas, an unnamed correctional officer, and an unnamed nurse at JCADC. She seeks financial compensation. *Id*. at 5.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S.

Ct. at 1974).

### III. DISCUSSION

The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id.* at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

It plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff's Complaint was filed on October 2, 2024. Plaintiff alleges that the events forming the basis of her Complaint occurred in February of 2022. It thus appears that any events or acts of the defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's

4

Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674–75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed). Plaintiff has not alleged facts suggesting that she would be entitled to statutory or equitable tolling. Plaintiff should show good cause why her Complaint should not be dismissed as barred by the applicable statute of limitations.

The Court notes that in addition to Plaintiff's claims being untimely, she names an improper defendant. Plaintiff names the State of Kansas as a defendant. The State of Kansas is absolutely immune to suit for money damages under the Eleventh Amendment. Furthermore, the State is not a "person" that Congress made amenable to suit for damages under § 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

## IV. Response Required

Plaintiff is required to show good cause why her Complaint should not be dismissed as barred by the statute of limitations. Failure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim.[1]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **December 20, 2024,** in which to show good cause, in writing, why her Complaint should not be dismissed for the reasons stated herein.

---

[1] A dismissal as time-barred is for failure to state a claim. *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011).

**IT IS SO ORDERED**.

**Dated November 22, 2024, in Kansas City, Kansas.**

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
